# STATE OF MICHIGAN

# COURT OF APPEALS

---

ROBERT DAVIS and DESMOND M. WHITE,

        Plaintiffs-Appellants,

v

WAYNE COUNTY CLERK, WAYNE COUNTY
ELECTION COMMISSION, DETROIT CITY
CLERK, and PENELOPE BAILER,

        Defendants-Appellees.

UNPUBLISHED
April 4, 2017

No. 334989
Wayne Circuit Court
LC No. 16-012226-AW

---

Before: STEPHENS, P.J., and SERVITTO and SHAPIRO, JJ.

PER CURIAM.

Plaintiffs appeal as of right a final order dismissing their complaint and denying their emergency motion for a writ of mandamus, declaratory judgment, and injunctive relief in this challenge to the election procedures employed by defendants Wayne County Clerk (County Clerk), Wayne County Election Commission (Commission), and Detroit City Clerk (City Clerk)[1] in the November 8, 2016 general election. We dismiss the appeal as moot.

On July 26, 2016, defendant Penelope Bailer, a potential candidate for the newly created Detroit Community School District Board of Education (DCSD Board), filed an affidavit of identity pursuant to MCL 168.558 and MCL 380.384(4). It is undisputed that Bailer's affidavit was facially defective because she failed to identify the precinct number where she was registered to vote. On September 9, 2016, plaintiffs filed challenges with the Commission and City Clerk, alleging that the Election Officials could not lawfully include Bailer's name on the general election ballots. In support of this proposition, plaintiffs relied on this Court's recent opinion in *Berry v Garrett*, ___ Mich App ___; ___ NW2d ___ (2016) (Docket No. 333225) (finding that a potential candidate who failed to provide a precinct number in affidavit of identity could not be included in primary election ballots). The Commission agreed with plaintiffs' argument and, on September 13, 2016, unanimously voted to exclude Bailer's name from the ballots. Bailer promptly filed a lawsuit in the Wayne Circuit Court (Bailer Proceedings),

---

[1] We will refer to the County Clerk, Commission, and City Clerk collectively as the Election Officials.

-1-

alleging that plaintiffs' legal challenge was barred by laches and requesting that the trial court compel the Commission to include her name on the general election ballots. The trial court agreed with Bailer and entered an order on September 16, 2016, directing the Commission to "take necessary steps to place the name of Penelope N. Bailer on the November 8, 2016 General Election ballot as a candidate for Detroit Community School District." After plaintiffs were unsuccessful in their attempt to appeal the trial court's September 16, 2016 order, *Bailer v Detroit City Clerk*, unpublished opinion per curiam of the Court of Appeals, issued September 21, 2016 (Docket No. 334823), pp 1-2; *In re Davis*, unpublished order of the Court of Appeals, entered September 21, 2016 (Docket No. 334869), they filed the instant action. The trial court found that plaintiffs' claims were barred by laches and dismissed their complaint.

On appeal, plaintiffs argue that the trial court erred by applying the equitable doctrine of laches to dismiss their complaint for two reasons. First, plaintiffs contend that they did not inexcusably delay in initiating this matter because their cause of action arose on September 16, 2016, and they promptly filed their lawsuit on September 23, 2016. Second, plaintiffs argue that defendants could not assert laches as a defense because they had unclean hands. We find that we need not address the arguments raised by plaintiffs on appeal because they are moot.

"An issue is moot if an event has occurred that renders it impossible for the court to grant relief," or "when a judgment, if entered, cannot for any reason have a practical legal effect on the existing controversy." *Barrow v Detroit Election Com'n*, 305 Mich App 649, 659; 854 NW2d 489 (2014), quoting *Gen Motors Corp v Dep't of Treasury*, 290 Mich App 355, 386; 803 NW2d 698 (2010). On appeal, plaintiffs request that we reverse the trial court's September 28, 2016 order and enter an order requiring that Bailer's name be removed from the November 8, 2016 general election ballots, that any votes cast for Bailer not be counted, and that the Commission and City Clerk alert the electorate to Bailer's ineligibility for election. Although it is not apparent from the record on appeal, we take judicial notice of three facts: first, the November 8, 2016 election has already concluded; second, Bailer's name was included on the ballots for the general election; and, third, Bailer was not elected to the DCSD Board. In light of these facts, even if we were to conclude that the trial court erred in the manner asserted by plaintiffs, the majority of the relief requested by plaintiffs can no longer be granted. To the extent that this Court could direct that votes cast for Bailer be excluded from the election results, it would not have any practical effect because Bailer was not ultimately elected to the DCSD Board. As such, we need not address plaintiffs' arguments.

Dismissed as moot.

/s/ Cynthia Diane Stephens
/s/ Deborah A. Servitto
/s/ Douglas B. Shapiro

-2-